55IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>    Plaintiff,<br><br>   v.<br><br>BRUCE HOULE,<br><br>    Defendant. | Civil Action File<br>No. _____ |

# COMPLAINT FOR DAMAGES

Plaintiff, Branch Banking and Trust Company, hereby files its Complaint for Damages against Bruce Houle as follows:

## I.   NATURE OF THE ACTION

1. This action is a suit on a Guaranty Agreement given by Defendant Bruce Houle ("Houle") to Plaintiff Branch Banking and Trust Company ("BB&T").

2. This action is related to that civil action known as *Branch Banking and Trust Company v. Ft. Walton Development Partners, LLC, Emerald Coast Partners, L.L.C., Jeffrey P. Goldstein, Gregory Greenstein, and Philip H. Weener*, No. 1:12-cv-03999-TWT, United States District Court for the Northern District of Georgia (the "Ft. Walton Development Litigation"). BB&T previously dismissed

Houle from the Ft. Walton Development Litigation without prejudice after it was unable to locate him to serve him with process.

3. On October 28, 2013, the Court entered an Amended Judgment in a Civil Action (the "Judgment") in the Ft. Walton Development Litigation in favor of BB&T and against Ft. Walton Development Partners, LLC, Emerald Coast Partners, L.L.C., Jeffrey P. Goldstein, Gregory Greenstein, and Philip H. Weener, "jointly and severally, in the amount of $1,626,990.13 as of August 5, 2013 (comprised of $1,235,227.32 of principal, pre-judgment accrued interest in the amount of $224,717.01, fees and charges in the amount of $21,026.37, and statutory attorneys' fees under O.C.G.A. § 13-1-11 in the amount of $146,019.43 as of August 5, 2013), plus such additional post-judgment interest upon said amounts in accordance with 28 U.S.C. § 1961 and O.C.G.A. § 7-4-12, and such further legal fees and expenses for collection as same has accrued and continues to accrue under the applicable loan documents and Georgia law from that date forward." [Doc. 83.]

4. The Judgment remains unsatisfied.

## II.   PARTIES AND JURISDICTION

5. BB&T is a North Carolina banking corporation with its principal office located in Winston-Salem, North Carolina.

6.  Houle is an individual who is a citizen of Florida. He may be served at 55 Grande Point Drive, Panama City Beach, Florida 32461, 4686 Windstarr Drive, Destin, Florida 32541, or wherever else he may be found.

7.  This Court has personal jurisdiction over Houle because Houle entered into the Guaranty (as defined below) in Georgia, and the Guaranty states that Houle "submits to the jurisdiction of the state and/or federal courts of Georgia."

8.  This Court has subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as BB&T and Houle are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and N.D. Ga. L.R. 3.1(B)(3), as the cause of action arose within the Northern District of Georgia, Atlanta Division, and the Guaranty contains a mandatory forum selection clause stating that any dispute arising out of the Guarantees "shall be adjudicated in either the state or federal courts of Georgia and in no other forum."

### III.   FACTUAL BACKGROUND

10. On or about August 15, 2006, Ft. Walton Development Partners, LLC executed and delivered that certain Promissory Note of even date in the face

amount of $1,520,000.00 (the "Note"), made payable to BB&T.  A true and correct copy of the Note is attached hereto as Exhibit A.

11. The Note was subsequently modified by those certain Note Modification Agreements dated September 11, 2007, December 18, 2007, September 25, 2009, and June 23, 2010 (the "Note Modifications").  True and correct copies of the Note Modifications are attached hereto as Exhibit B.

12. Houle guaranteed payment of the Note pursuant to that certain Guaranty Agreement from Houle to BB&T dated August 15, 2006 (the "Guaranty").  A true and correct copy of the Guaranty is attached hereto as Exhibit C.

13. Houle failed to pay the Note in full at maturity on December 23, 2010, and is in default of the Guaranty.

14. By letter dated April 22, 2011, BB&T provided notice to Houle that the Note had matured and demanded immediate payment by Houle of all amounts due and owing under the Note (the "Notice of Maturity").  A true and correct copy of the Notice of Maturity is attached as Exhibit D.

15. The Notice of Maturity further notified Houle, pursuant to O.C.G.A. § 13-1-11, that BB&T intended to enforce the attorneys' fees provisions in the Note

and he had ten (10) days from receipt of the Notice of Maturity within which to pay the amounts due under the Note without also being liable for attorneys' fees.

16. Houle did not pay all amounts due and owing under the Note within ten (10) days from receipt of the Notice of Maturity.

## IV.   CAUSES OF ACTION

### COUNT I
### Breach of the Guaranty

17. BB&T re-alleges and incorporates by reference the allegations in Paragraphs 1 through 16.

18. Houle is in default of his obligations under the Guaranty for failing to pay to amounts owing under the Note and Guaranty upon maturity.

19. Houle is liable for the principal balance of the Note in the amount of $747,756.77, accrued interest in the amount of $45,265.25 through September 14, 2016, per diem interest after September 14, 2016, and through judgment of $119.43, and fees in the amount of $23,226.37.

### COUNT II
### Attorneys' Fees and Expenses

20. BB&T re-alleges and incorporates by reference the allegations in Paragraphs 1 through 19.

21. Houle is liable to BB&T for its reasonable attorneys' fees, pursuant to O.C.G.A. § 13-1-11, which is construed to mean 15 percent of the first $500.00 of principal and interest owing on the Notes and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

**NOW WHEREFORE**, BB&T prays for the following relief:

(a)   that summons issue as to Houle;

(b)   that final judgment be entered against Houle on the Note for the principal balance amount of $747,756.77, accrued interest in the amount of $45,265.25 through September 14, 2016, per diem interest after September 14, 2016, and through judgment of $119.43, and fees in the amount of $23,226.37;

(c)   that such final judgment include an award for BB&T's reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-1-11;

(d)   an order taxing all costs on Defendants;

(e)   post-judgment interest at the Default Rate as provided for in the Note; and

(f)   for all other relief this Court deems proper.

This 15th day of September, 2016.

                                        **STITES & HARBISON, PLLC**

                                        */s/ Brian J. Levy*
                                        Paul G. Durdaller
                                        Georgia Bar. No. 234890
                                        pdurdaller@stites.com
                                        Brian J. Levy

303 Peachtree Street, N.E.          Georgia Bar No. 302518
2800 SunTrust Plaza                  blevy@stites.com
Atlanta, Georgia 30308             COUNSEL FOR PLAINTIFF
Telephone: (404) 739-8800        BRANCH BANKING & TRUST
Facsimile:  (404) 739-8890        COMPANY